**UNITED STATES COURT OF APPEALS**
**FOR THE FIRST CIRCUIT**

---

NO. 18-1302

---

YURY RINSKY,

Plaintiff - Appellee

v.

CUSHMAN & WAKEFIELD, INC.,

Defendant - Appellant

---

ON APPEAL FROM THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

---

# PETITION OF APPELLANT CUSHMAN & WAKEFIELD, INC. FOR PANEL REHEARING OR REHEARING *EN BANC*

---

Ralph T. Lepore, III, No. 27409
Benjamin M. McGovern, No. 123536
HOLLAND & KNIGHT LLP
10 Saint James Avenue
Boston, MA 02116
(617) 523-2700

Sawnie A. McEntire, No. 1184309
Paula D. Taylor, No. 1184433
Parsons McEntire McCleary PLLC
1700 Pacific Avenue, Suite 4400
Dallas, TX 75201
(214) 237-4300

Dated: March 22, 2019
Boston, Massachusetts

# TABLE OF CONTENTS


Page

TABLE OF CONTENTS....................1

TABLE OF AUTHORITIES....................2

STATEMENT PURSUANT TO FED. R. APP. P. 35(B)(1)(A)....................4

STATEMENT OF THE CASE....................6

ARGUMENT....................9

I. THE PANEL DISREGARDED KEY NEW YORK APPELLATE CASE LAW IN CONCLUDING THAT A PREPONDERANCE OF THE EVIDENCE BURDEN OF PROOF APPLIED UNDER THE NYCHRL....................10

II. THE PANEL SHOULD HAVE CERTIFIED WHAT IT ACKNOWLEDGED TO BE AN UNSETTLED QUESTION REGARDING THE BURDEN OF PROOF FOR PUNITIVE DAMAGES TO THE NEW YORK COURT OF APPEALS....................16

CONCLUSION....................20

CERTIFICATE OF COMPLIANCE....................22

CERTIFICATE OF SERVICE....................23

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arizonans for Official English v. Arizona*,
520 U.S. 43 (1997) ....................................5, 17

*Brown v. Village of Albion*,
490 N.Y.S.2d 958 (N.Y. Sup. Ct. 1985) ......................14

*CDR Creances S.A.S. v. Cohen*,
62 A.D.3d 576 (N.Y. App. Div. 2009) ........................13

*Chauca v. Abraham*,
89 N.E.3d 475 (N.Y. 2017) ..................................16

*Chiara v. Dernago*,
128 A.D.3d 999 (N.Y. App. Div. 2015) .......................13

*CPC Int'l, Inc. v. Northbrook Excess & Surplus Ins. Co.*,
962 F.2d 77 (1st Cir. 1992) ................................10

*Erie R.R. v. Tompkins*,
304 U.S. 64 (1938) ..........................................9

*Expressions Hair Design v. Schneiderman*,
877 F.3d 99 (2d Cir. 2017) .................................18

*Fid. Union Trust Co. v. Field*,
311 U.S. 169 (1940) .........................................5

*Gomez v. Cabatic*,
159 A.D.3d 62 (N.Y. App. Div. 2018) ........................12

*Greenbaum v. Svenska Handelsbanken, N.Y.*,
979 F. Supp. 973 (S.D.N.Y. 1997) ....................11, 12, 17

*Hamm v. Latessa*,
72 F.3d 947 (1st Cir. 1995) ................................10

*Home Ins. Co. v. American Home Prods. Corp*,
550 N.E.2d 930 (N.Y. 1990) .................................16

*Ji v. Bose Corp.*,
626 F.3d 116 (1st Cir. 2010) ...............................11

**TABLE OF AUTHORITIES**
**(CONTINUED)**

**Page(s)**

*Lavine v. Milne*,
424 U.S. 577 (1976) ....................................6

*Mountain View Coach Lines, Inc. v. Storms*,
102 A.D.2d 663 (N.Y. App. Div. 1984) ..................14

*Munoz v. Puretz*,
301 A.D.2d 382 (N.Y. App. Div. 2003) ..................13

*Randi A.J. v. Long Island Surgi-Ctr.*,
46 A.D.3d 74 (N.Y. App. Div. 2007) ....................13

*Matter of Rose Marie M.*,
90 A.D.2d 810 (N.Y. App. Div. 1982) ...................20

*Royal Bed and Spring Co., Inc. v. Famossul Industria E Comercio De Moveis LTDA*,
906 F.2d 45 (1st Cir. 1990) ...........................9

*Santosky v. Kramer*,
455 U.S. 745 (1982) .............................6, 19, 20

*Tersigni v. Wyeth*,
817 F.3d 364 (1st Cir. 2016) ..........................9

**Statutes**

M.G.L. ch. 151B.......................................7

**Other Authorities**

Fed. R. App. P. 35(b).............................4, 20

Fed. R. App. P. 40(a).............................4, 20

N.Y. Prac., Com. Litig. In New York State Courts §
49:7 (4th ed. 2018) ..................................10

**STATEMENT PURSUANT TO FED. R. APP. P. 35(b)(1)(A)**

Pursuant to Fed. R. App. P. 35(b) and 40(a), appellant, Cushman & Wakefield, Inc. ("C&W"), respectfully submits this petition for rehearing of the March 8, 2019 opinion issued by a panel of this Court (the "Panel").

As part of its opinion, the Panel affirmed an $850,000 award of punitive damages to appellee, Yury Rinsky ("Rinsky"), based on a finding that he had proven by a preponderance of the evidence he was entitled to such relief under the New York City Human Rights Law ("NYCHRL"). *See* Opinion at 28-35. In so doing, the Panel acknowledged it was required to make an "informed prophecy" as to which burden of proof – preponderance of the evidence or clear and convincing evidence – the New York Court of Appeals would endorse if presented squarely with the choice. *Id.* at 33. For the reasons set forth, *infra*, the Panel's prophecy reaches the wrong result under New York law, and, in particular, contravenes the holdings of five unanimous opinions from the First and Second Departments of the New York Appellate Division. Moreover, this error implicates two questions of exceptional importance justifying rehearing by the Panel or an *en banc* panel of this Court.

First, this petition presents a question of exceptional importance regarding application of the *Erie* doctrine. Specifically, because New York's highest court has never

addressed the proper burden of proof for punitive damages under the NYCHRL, the Panel's erroneous prophecy creates a risk that there will be "one rule of state law for litigants in the state courts and another rule for litigants who bring the same question before the federal courts." *See Fid. Union Trust Co. v. Field*, 311 U.S. 169, 180 (1940); *see also id.* (observing that violation of the *Erie* doctrine "has practical aspects of great importance in the proper administration of justice in the federal courts."). Proper calibration of the balance between these federal and state interests is also of particular importance where, as here, the Panel did not certify any questions to the New York Court of Appeals despite its recognition that the burden of proof for punitive damages under the NYCHRL was a "matter of debate within New York's courts" that was "mired in a morass of ambiguity." Opinion at 31-32; *see also Arizonans for Official English v. Arizona*, 520 U.S. 43, 77 (1997) ("Through certification of novel or unsettled questions of state law for authoritative answers by a State's highest court, a federal court may save 'time, energy, and resources and hel[p] build a cooperative judicial federalism.'")(internal citations omitted).

Second, this petition presents a question of exceptional importance regarding the quantum of evidence required to support an award of punitive damages under New York law. In analogous

circumstances, the U.S. Supreme Court recognized that "[w]here the burden of proof lies on a given issue is, of course, rarely without consequence and frequently may be dispositive to the outcome of the litigation...." *See Lavine v. Milne*, 424 U.S. 577, 585 (1976); *see also Santosky v. Kramer*, 455 U.S. 745, 757 n.9 (1982) ("[T]he standard of proof is a crucial component of the legal process, the primary function of which is 'to minimize the risk of erroneous decisions' [because] only the standard of proof 'instruct[s] the factfinder concerning the degree of confidence our society thinks he should have in the correctness of factual conclusions' he draws from that information....") (internal citations omitted). Here, the Panel's prophecy regarding the burden of proof was likely outcome-determinative on the punitive damages issue and, therefore, presents a question of fundamental importance that could have implications for NYCHRL claims arising beyond this litigation.

For the foregoing reasons, and for the reasons set forth below, C&W respectfully requests that: (i) the Panel's March 8, 2019 opinion be vacated; and (ii) this Court order a panel rehearing or rehearing *en banc* to consider the focused issues raised by this petition.

## STATEMENT OF THE CASE

This appeal arises from allegations that C&W discriminated against Rinsky on the basis of his age when it terminated him

from his position as a software engineer in or around July 2015. Rinsky initially filed this action in Middlesex Superior Court alleging claims for, *inter alia*, age discrimination in violation of M.G.L. ch. 151B. A.22-30.[1] C&W timely removed the action to federal court in February 2016. A.42-46. After briefing by the parties on choice of law issues, the District Court held on the eve of trial that New York law applied to Rinsky's claim for age discrimination, and permitted him to try his "discrimination claims pursuant to [the NYCHRL], which provides for the recovery of punitive damages and attorneys' fees." A.296. C&W objected to this ruling. A.369-70. The parties thereafter conducted a jury trial over the course of two weeks in April 2017.

During the charge conference, C&W objected to the District Court's proposed instruction regarding punitive damages because it did not reflect that Rinsky was required to offer "clear and convincing evidence" of C&W's alleged misconduct. A.804-05, 877-78. C&W similarly requested a preliminary question on the special verdict form incorporating this heightened burden of proof. A.807-08. The District Court declined to deliver C&W's requested instruction or preliminary question, A.878-88, and instead instructed the jury improperly as follows:

> Although uncertainty in the amount of damages does not bar recovery and mathematical precision is not

[1] Citations in this petition to "A.__" refer to the Appendix already on file as part of this appeal.

> required, you must not speculate, conjecture, or guess in awarding damages. A damages award must be based on just and reasonable inferences from the evidence.
>
> ...
>
> In addition to awarding damages to compensate the plaintiff, you may but are not required to award plaintiff punitive damages if you find the acts of the defendant were wanton and reckless or malicious. The purpose of punitive damages is not to compensate the plaintiff but to punish the defendant and thereby discourage the defendant and others from acting in a similar way in the future. An act is malicious when it is done deliberately with knowledge of the plaintiff's rights and with intent to interfere fear with those rights. An act is wanton and reckless when it demonstrates conscious indifference and utter disregard of its effect upon the health, safety, and rights of others. If you find that the defendant's acts were not wanton or reckless or malicious, you may not award punitive damages. On the other hand, if you find the defendant's acts were wanton or reckless or malicious, you may award punitive damages.

A.910, 913-14.

Based on the foregoing jury instructions and special verdict form, the jury found that Rinsky had "prove[n] by a preponderance of the evidence that his age was a substantial factor in [C&W's] decision to terminate him" and awarded damages in the amount of $1,275,000 – comprised of $425,000 in compensatory damages and $850,000 in punitive damages. A.307-08. Judgment subsequently entered for Rinsky in that amount on April 27, 2017, and the Panel affirmed that judgment, including the award of punitive damages, in its March 8, 2019 opinion. This petition followed.

**ARGUMENT**

"More than a half century ago, the Supreme Court established what is known as the *Erie* doctrine, pursuant to which the federal courts in diversity cases may not promulgate substantive rules of law that control the controversy." *Royal Bed and Spring Co., Inc. v. Famossul Industria E Comercio De Moveis LTDA*, 906 F.2d 45, 49-50 (1st Cir. 1990) (citing to *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)). This Court is therefore "bound to apply state law as it exists, not as it may become, or as the plaintiff wishes it to be." *Tersigni v. Wyeth*, 817 F.3d 364, 369 (1st Cir. 2016).

Here, the Panel's prophecy regarding the proper burden of proof for punitive damages under the NYCHRL violates these well-established principles. In the first instance, the Panel's conclusion ignores key case law from New York's intermediate appellate courts holding that the burden of proof for punitive damages is clear and convincing evidence. Moreover, given the Panel's observation that it perceived the existing New York case law to be hopelessly conflicted on the proper burden of proof, it should have, at minimum, certified a question to the New York Court of Appeals in lieu of speculating as to how that state court might resolve the conflict. For these reasons, as more particularly described below, C&W respectfully requests that

this Court order a panel rehearing or rehearing *en banc* to reassess these issues.

## I. THE PANEL DISREGARDED KEY NEW YORK APPELLATE CASE LAW IN CONCLUDING THAT A PREPONDERANCE OF THE EVIDENCE BURDEN OF PROOF APPLIED UNDER THE NYCHRL

In its opinion, the Panel observes appropriately that "the appropriate burden of proof for punitive damages generally is a matter of debate within New York's courts" because the New York 'Appellate Divisions are split on the issue' of whether 'clear and convincing evidence or 'preponderance of the evidence' is the appropriate standard." *See* Opinion at 31 (citing to N.Y. Prac., Com. Litig. In New York State Courts § 49:7 (4th ed. 2018)). The Panel also notes accurately that "New York's highest court has not addressed the split." *Id.* From there, however, the Panel applies a flawed methodology to predict how the New York Court of Appeals would resolve this disagreement among its subordinate courts.

Where, as here, a federal court endeavors to make a prophecy regarding an unresolved issue of state law, "[i]ntermediate appellate court decisions 'are trustworthy data for ascertaining state law' ... and, in the absence of other telltales indicating that the state's highest tribunal would have ruled otherwise ... it is prudent to accept the appeals court's interpretation as authoritative." *Hamm v. Latessa*, 72 F.3d 947, 955 n.12 (1st Cir. 1995); *accord CPC Int'l, Inc. v.*

*Northbrook Excess & Surplus Ins. Co.*, 962 F.2d 77, 91 (1st Cir. 1992) ("[W]here an intermediate appellate court rests its considered judgment upon the rule of law which it announces, that is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise."). By contrast, "decisions of federal trial courts interpreting state law are not binding on ... federal appellate courts attempting to divine how a state court might rule." *Ji v. Bose Corp.*, 626 F.3d 116, 122 n.4 (1st Cir. 2010). Here, the Panel failed to apply this analytical hierarchy by prioritizing the holding of a federal trial court over several more relevant New York appellate opinions.

Specifically, the Panel relies heavily on the opinion of the U.S. District Court for the Southern District of New York in *Greenbaum v. Svenska Handelsbanken, N.Y.*, 979 F. Supp. 973 (S.D.N.Y. 1997) as authority for the proposition that "the appropriate standard [for punitive damages under the NYCHRL] is 'preponderance of the evidence.'" Opinion at 31-32. But this opinion of a federal trial court was not owed any deference as part of the Panel's analysis. *See Ji*, 626 F.3d at 122 n.4. For this reason alone, a rehearing is appropriate.

Moreover, even assuming, *arguendo*, that the *Greenbaum* opinion has some tangential relevance to this inquiry, the Panel

still misapprehends the current state of New York law regarding punitive damages by concluding that the "relevant terrain ... has not changed since that [*Greenbaum*] decision." *Id.* at 32. In reality, the New York intermediate appellate courts – whose opinions actually were germane to the Panel's analysis – have spoken much more recently on this topic.

*Greenbaum* was decided over twenty years ago in 1997. At that time, the *Greenbaum* court observed that "New York law on burden of proof in deciding punitive damages is unclear" because the state courts themselves "have not specifically addressed" the issue. *Id.* at 975. As a result, *Greenbaum* analyzed two cases from the New York Court of Appeals – decided in 1874 and 1920 – referencing the punitive damages issue in passing, but ultimately concluded that those "cases raise more questions than they answer." *See id.* at 977-78. This situation has changed substantially since 1997. Specifically, the *Greenbaum* court did not have available to it the following <u>five</u> Appellate Division opinions – all issued between 2003 and 2018 – holding that punitive damages require clear and convincing evidence under New York state law:

- *Gomez v. Cabatic*, 159 A.D.3d 62, 73, 77 (N.Y. App. Div. 2018) (trial court did not err in submitting issue of punitive damages to jury with instruction "that it could award punitive damages if it found that

the plaintiff proved, by clear and convincing evidence....")(emphasis supplied);

- *Chiara v. Dernago*, 128 A.D.3d 999, 1001 (N.Y. App. Div. 2015) (deeming instructions "appropriate" where trial court charged the jury that "it may award punitive damages against [defendant] if it found, by clear and convincing evidence....")(emphasis supplied);
- *CDR Creances S.A.S. v. Cohen*, 62 A.D.3d 576, 577 (N.Y. App. Div. 2009) (finding no error in trial court's refusal to award punitive damages where "plaintiff failed to present clear, unequivocal and convincing evidence....")(emphasis supplied);
- *Randi A.J. v. Long Island Surgi-Ctr.*, 46 A.D.3d 74, 86 (N.Y. App. Div. 2007) ("[W]e hold that the trial court 'erred in failing to charge the jury that the standard of proof regarding the imposition of punitive damages was clear and convincing evidence.'")(emphasis supplied); and
- *Munoz v. Puretz*, 301 A.D.2d 382, 384 (N.Y. App. Div. 2003) ("In order to recover punitive damages, a

plaintiff must show, by 'clear, unequivocal and convincing evidence'...."').[2]

Moreover, each of the foregoing opinions embracing the clear and convincing burden of proof was issued by either the First or Second Departments of the New York Appellate Division. As such, they establish definitive existing precedent with regard to any interpretation of the NYCHRL because the reach of that statute (which appears in the New York City code) is limited in scope to those who feel an "impact" of discrimination within New York City, and the First and Second Appellate Departments are the intermediate appellate courts who share jurisdiction over the five boroughs of New York City.[3] *See Mountain View Coach Lines, Inc. v. Storms*, 102 A.D.2d 663, 664 (N.Y. App. Div. 1984) ("The Appellate Division is a single statewide court divided into departments for administrative convenience ... "); *Brown v. Village of Albion*, 490 N.Y.S.2d 958, 961 (N.Y. Sup. Ct. 1985) ("Where the Appellate Divisions of several departments conflict, lower courts are bound by the decisions of their own department....") (emphasis supplied).

---

[2] Each of these Appellate Division opinions were also cited in C&W's appellate briefs.

[3] *See* New York State Unified Court System, Appellate Courts, Appellate Divisions, available at https://www.nycourts.gov/courts/appellatedivisions.shtml (last accessed March 14, 2019).

Indeed, the Panel itself recognized this factor by noting that "...the Second Department requires the 'clear and convincing evidence' standard be charged [and] the First Department requires 'clear, unequivocal and convincing evidence'...." Opinion at 31 n.10. By contrast, the Panel cited to only one opinion (which it did not identify by name) in which the Fourth Department of the New York Appellate Division[4] concluded that "proof by 'a preponderance of the evidence' is sufficient." *Id.*

In sum, therefore, the Panel made its prophecy regarding the proper burden of proof for punitive damages by disregarding five unanimous opinions issued by New York City-based appellate departments and instead improperly followed the logic of opinions issued by a federal trial court and an appellate department located in upstate New York. In these circumstances, this Court should order a panel rehearing or a rehearing *en banc* so it can reassess the deference owed to the opinions of the First and Second Departments of the New York Appellate Division

[4] The Fourth Division has jurisdiction over counties located in central and western New York. *See* New York State Unified Court System, Appellate Courts, Appellate Divisions, available at https://www.nycourts.gov/courts/appellatedivisions.shtml (last accessed March 14, 2019).

in determining the proper burden of proof for punitive damages under the NYCHRL.[5]

## II. THE PANEL SHOULD HAVE CERTIFIED WHAT IT ACKNOWLEDGED TO BE AN UNSETTLED QUESTION REGARDING THE BURDEN OF PROOF FOR PUNITIVE DAMAGES TO THE NEW YORK COURT OF APPEALS

The law is well-established in New York that "[w]henever it appears to the Supreme Court of the United States, any United States Court of Appeals, or a court of last resort of any other state that determinative questions of New York law are involved in a case pending before that court for which no controlling precedent of the Court of Appeals exists, the court may certify the dispositive questions of law to the [New York] Court of Appeals." N.Y. Court of Appeals Rules of Practice, § 500.27(a) (emphasis supplied). Here, a rehearing of the Panel's opinion is necessary and appropriate to determine whether these prerequisites for certification are met.

---

[5] Nor does the opinion of the New York Court of Appeals in *Chauca v. Abraham*, 89 N.E.3d 475 (N.Y. 2017) require a different result. In the first instance, the *Chauca* holding did not address the proper burden of proof for awarding punitive damages under the NYCHRL. *See id.* at 477. Moreover, to the extent *Chauca* references *Home Ins. Co. v. American Home Prods. Corp.* as the proper interpretive guide, it stands for the proposition that that there is no distinction between common-law claims and NYCHRL claims as it pertains to punitive damages because the *Home Ins. Co.* decision involved common law claims. *See* 550 N.E.2d 930, 935 (N.Y. 1990). Accordingly, the New York Appellate Division opinions cited, *supra* – each of which apply a clear and convincing burden of proof to common-law claims – continue to provide the proper framework for this Court's analysis.

Indeed, the Panel itself acknowledged the unsettled state of New York law by observing that "the appropriate burden of proof for punitive damages generally is a matter of debate within New York's courts" that is "mired in a morass of ambiguity" because "'the Appellate Divisions are split on the issue' of whether 'clear and convincing evidence' or 'preponderance of the evidence' is the appropriate standard [and] New York's highest court has not addressed the split." Opinion at 31-32 (internal citations omitted). The Panel also noted that it might have "seriously consider[ed] certifying the question" to the New York Court of Appeals if the question before it had been "the appropriate burden of proof for punitive damages generally" rather than an issue pertaining solely to a NYCHRL claim.[6] *See* Opinion at 32. But the Panel's observation

[6] The right of this Court to certify a question to the New York Court of Appeals regarding the proper burden of proof is yet another factor that distinguishes this case from *Greenbaum.* Specifically, this Court (as a United States Court of Appeals) has a right of certification under New York law that was not available to the *Greenbaum* court (as a federal trial court). *See* N.Y. Court of Appeals Rules of Practice, § 500.27(a). Accordingly, the *Greenbaum* court was required to make a prophecy regarding the burden of proof for punitive damages that this Court has the opportunity to avoid by using the certification procedures outlined under New York law. *See Arizonans for Official English*, 520 U.S. at 76 ("Certification procedure, in contrast, allows a federal court faced with a novel state-law question to put the question directly to the State's highest court, reducing the delay, cutting the cost, and increasing the assurance of gaining an authoritative response.").

misperceives the threshold of what is required for certification under New York law.

Specifically, certification under New York law is appropriate if: (i) no controlling precedent of the New York Court of Appeals exists; and (ii) the question involves a determinative question of New York law. *See* N.Y. Court of Appeals Rules of Practice, § 500.27(a); *see also Expressions Hair Design v. Schneiderman*, 877 F.3d 99, 105-06 (2d Cir. 2017) ("Before certifying, we must answer three questions: '(1) whether the New York Court of Appeals has addressed the issue and, if not, whether the decisions of other New York courts permit us to predict how the Court of Appeals would resolve it; (2) whether the question is of importance to the state and may require value judgments and public policy choices; and (3) whether the certified question is determinative of a claim before us.") (internal citations omitted). Here, the Panel acknowledged that there is no controlling precedent from New York's highest court by observing correctly that the Court of Appeals has not, to date, endorsed a specific burden of proof for punitive damages under the NYCHRL. *See* Opinion at 31. And, there also should have been no question that the choice between the competing burdens of proof endorsed by the New York Appellate Departments involves a determinative question of law

that implicates important value judgments and public policy choices.

Indeed, the U.S. Supreme Court has observed that the question of "[w]here the burden of proof lies on a given issue" may frequently be "dispositive to the outcome of the litigation." *See Lavine*, 424 U.S. at 585. The court has similarly noted the stark differences between application of a clear and convincing burden of proof as opposed to the more lenient preponderance of the evidence standard. Specifically, application of the heightened clear and convincing standard has "both practical and symbolic consequences" because "[i]ncreasing the burden of proof is one way to impress the factfinder with the importance of the decision and thereby perhaps to reduce the chances that inappropriate [results] will be ordered." *Santosky*, 455 U.S. at 764-65; *see also id.* at 756 (clear and convincing standard appropriate where individual interests at stake are "particularly important" and may "threaten the individual involved with ... 'stigma.'"). Use of the more lenient preponderance of the evidence standard, meanwhile, "indicates both society's 'minimal concerns with the outcome,' and a conclusion that the litigants should 'share the risk of error in roughly equal fashion.'" *See id.* at 755 (internal citations omitted); *see also id.* at 764 ("A standard of proof that by its very terms demands consideration of the quantity, rather than

the quality, of the evidence may misdirect the factfinder in a marginal case.”); *accord Matter of Rose Marie M.*, 90 A.D.2d 810, 811 (N.Y. App. Div. 1982) (observing that consideration of the quantity, rather than quality, of evidence “may result in fact-finding error”).

In these circumstances, given the undisputed lack of guidance from the New York Court of Appeals and the fundamental role that the burden of proof played in the ultimate award of punitive damages, this Court should order a panel rehearing or rehearing *en banc* to consider whether certification of this issue to the New York Court of Appeals is warranted. *See Santosky*, 455 U.S. at 757 (“Since the litigants and the factfinder must know at the outset of a given proceeding how the risk of error will be allocated, the standard of proof necessarily must be calibrated in advance.”).

**CONCLUSION**

For the foregoing reasons, C&W respectfully requests pursuant to Fed. R. App. P. 35(b) and 40(a) that this Court: (i) vacate the Panel’s March 8, 2019 opinion; and (ii) order a panel rehearing or rehearing *en banc* to consider whether the Panel erroneously predicted New York law and/or whether certification to the New York Court of Appeals is warranted.

Respectfully submitted,

CUSHMAN & WAKEFIELD, INC.,

By its attorneys,

/s/ Benjamin M. McGovern
Ralph T. Lepore, III, No. 27409
Benjamin M. McGovern, No. 123536
HOLLAND & KNIGHT LLP
10 Saint James Avenue
Boston, MA 02116
(617) 523-2700

Sawnie A. McEntire, No. 1184309
Paula D. Taylor, No. 1184433
Parsons McEntire McCleary PLLC
1700 Pacific Avenue, Suite 4400
Dallas, TX 75201
(214) 237-4300

Dated: March 22, 2019
Boston, Massachusetts

**CERTIFICATE OF COMPLIANCE**

1. This document complies with the type-volume limit of Fed. R. App. P. 35(b)(2)(A) and 40(b)(1) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 3,855 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a 12 point monospaced typeface using Courier New.

/s/ Benjamin M. McGovern
Benjamin M. McGovern

**CERTIFICATE OF SERVICE**

In accordance with Fed. R. App. P. 25(d)(1), I hereby certify that today, March 22, 2019, I caused the foregoing to be filed electronically with the Court. As all counsel of record are registered with ECF, they shall be served by operation of the ECF system:

Michael A. Bednarz, Esq.
Robert R. Berluti, Esq.
Edward F. Whitesell, Jr., Esq.
Berluti McLaughlin & Kutchin LLP
44 School St, 9th Fl.
Boston, MA 02108-0000
*mbednarz@bmklegal.com*
*rberluti@bmklegal.com*
*ewhitesell@bmklegal.com*

John William Dennehy, Esq.
127 Main St., Ste. 1
Nashua, NH 03060-0000
*jdennehy@johnwdennehy.com*

Mark D. Szal, Esq.
Szal Law Group LLC
6 Liberty Square #330
Boston, MA 02109
*mark@szallawgroup.com*

*/s/ Benjamin M. McGovern*
Benjamin M. McGovern

# 9286284_v5